353 F.3d 648
 SOUTHERN CALIFORNIA EDISON COMPANY, Plaintiff-Appellee,
v.
Loretta M. Lynch; Henry M. Duque; Richard A. Bilas; Carl W. Wood; Geoffrey F. Brown, Commissioners of California Public Utilities Commission, Defendants-Appellees,
Utility Reform Network, Defendant-Intervenor-Appellant.
Southern California Edison Company, Plaintiff-Appellee,
Reliant Energy Services, Inc.; Mirant Americas Energy Marketing, LP, Intervenors-Appellants,
v.
Loretta M. Lynch; Henry M. Duque; Richard A. Bilas; Carl W. Wood; Geoffrey F. Brown, Defendants.
Southern California Edison Company, Plaintiff-Appellee,
California Manufacturers and Technology Assn., Intervenor-Appellant,
v.
Loretta M. Lynch; Henry M. Duque; Richard A. Bilas; Carl W. Wood; Geoffrey F. Brown, in their official capacities as Commissioner of the California Public Utilities Commission, Defendants-Appellees.
 No. 01-56879.
 No. 01-56993.
 No. 01-57020.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 2002.
 Submission deferred September 23, 2002.
 Resubmitted December 16, 2003 — Pasadena, California.
 Filed December 19, 2003.
 
 Robert E. Finkelstein and Randolph L. Wu, The Utility Reform Network, San Francisco, California, CA; Michael J. Strumwasser, Frederic D. Woocher, Johanna R. Shargel, Daniel J. Sharfstein, Strumwasser & Woocher LLP, Santa Monica, California, CA, for the defendant-intervenor-appellant.
 Gary M. Cohen, Arocles Aguilar, Harvey Y. Morris, and Carrie G. Pratt, Public Utilities Commission of the State of California, San Francisco, California, CA, for the defendants-appellees.
 Stephen Pickett, Barbara Reeves, and Kris G. Vyas, Southern California Edison Company, Rosemead, California; CA; Ronald L. Olson, John W. Spiegel, and Henry Weissmann, Munger, Tolles & Olson LLP, Los Angeles, California, CA, for the plaintiff-appellee.
 Terry J. Houlihan and Geoffrey T. Holtz, McCutchen, Doyle, Brown & Enersen, LLP, San Francisco, California; CA; John C. Morrissey and Brian I. Cheng, McCutchen, Doyle, Brown & Enersen, LLP, Los Angeles, California, CA, for the intervenor-appellant Reliant Energy Services, Inc.
 Bryan A. Merryman and Lisa A. Cottle, White & Case LLP, Los Angeles, California, CA, for the intervenor-appellant Mirant Americas Energy Marketing, LP.
 Keith R. McCrea and Jim Bushee, Sutherland Asbill & Brennan LLP, Washington, DC, for the intervenor-appellant California Manufacturers and Technology Association.
 Appeal from the United States District Court for the Central District of California; Ronald S.W. Lew, District Judge. Presiding. D.C. No. CV-00-12056-RSWL.
 Before James R. BROWNING, Sidney R. THOMAS and Johnnie B. RAWLINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In our prior opinion dated September 23, 2002, we affirmed the judgment of the district court except for the state law claims identified in section IX of the opinion. We certified those state law issues to Supreme Court of California and stayed further proceedings in this case pending a response from the Supreme Court of California on the request for certification.
 
 
 2
 The Supreme Court of California graciously accepted our certification request. As accepted and modified, the questions posed on certification were as follows:
 
 
 3
 1. Did the Commissioners of the California Public Utilities Commission have the authority to propose the stipulated judgment in light of the provisions of Assembly Bill No. 1890 (1995-1996 Reg. Sess.) codified in Public Utilities Code sections 330-398.5 (Stats.1996, ch. 854)?
 
 
 4
 2. Did the procedures employed in entering the stipulated judgment violate the Bagley-Keene Open Meeting Act (Gov.Code, §§ 11120-11132.5)?
 
 
 5
 3. Does the stipulated judgment violate section 454 of the Public Utilities Code by altering utility rates without a public hearing and issuance of findings?
 
 
 6
 Southern California Edison Co. v. Peevey, 31 Cal.4th 781, 74 P.3d 795, 797 (Cal. 2003).
 
 
 7
 The Supreme Court stated that: "Having analyzed these questions, we conclude the settlement did not violate California law in any of these three respects." Id. Its response resolves the remaining issues in this case.
 
 
 8
 The judgment of the district court is AFFIRMED.